[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE VERDICT AND/OR REMITTITUR
In this case the jury returned a verdict in favor of the plaintiff in the amount of $560,000, broken down as $260,000 for economic damages and $300,000 for non-economic damages.
The jury could have found that the plaintiff incurred medical expenses of $27,541 for treatment of injuries which he sustained in the motor vehicle accident which is the subject of this action. In addition, the jury could have found that those injuries forced him to abandon his job as an insurance agent. The jury could have credited the testimony of Ward Curran, an economist, who testified that the present value of the plaintiff's loss of earning capacity resulting from his not being able to continue working as an insurance agent is $240,000. Thus, between medical expenses and the present value of the plaintiff's lost earning capacity, the jury had before it evidence which could support an award for economic damages in excess of $260,000. Accordingly, the court cannot conclude that that part of the verdict can be set aside or reduced.
The jury had before it evidence that the plaintiff sustained permanent injuries to his neck and right shoulder, as well as a permanent carpel tunnel injury in each arm. The jury could have found that the plaintiff, whose life expectancy at the time of trial was 19.1 years, has suffered and will suffer for the rest CT Page 929 of his life chronic, severe pain from those injuries. Further, the jury could have found that those injuries and the resulting chronic pain forced unwanted changes in the plaintiff's lifestyle, such as the abandonment of activities, including golf, gardening, and power walking.
The court cannot conclude that the award of $300,000 in non-economic damages in this case is contrary to the evidence, contrary to law or excessive.
The motion is denied.
George Levine Judge of the Superior Court